IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD McHARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11CV685-MEF |
| | ) | |
| JAMES T. GULLAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Ronald McHarris, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). It is hereby

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

In December 1982, the Lee County Circuit Court sentenced plaintiff to imprisonment for life, without the possibility of parole, on a robbery charge. (Complaint, ¶ VI; *Habeas Corpus* petition, Civil Action No. 3:11CV686-TMH)("*Habeas* Petition").[2] Plaintiff, proceeding *pro se*, brings claims against James T. Gullage (the state court judge who

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] The court takes judicial notice of the record in plaintiff's *habeas* petition, filed in this court on the same day as the present action, including plaintiff's sworn allegations in that petition.

sentenced him), Ronald L. Myers (the District Attorney at the time of plaintiff's trial), and Jay Jones (a former Lee County investigator who worked on plaintiff's case), in their individual and official capacities.[3] Plaintiff alleges that Judge Gullage enhanced his sentence improperly on the basis of plaintiff's plea of *nolo contendere* in a previous matter. He brings equal protection and due process claims against all defendants, alleging that they "conspired and used a Nolo Contendere plea to sentence the plaintiff to life without the possibility of parole." (Complaint, pp. 2-3). As relief, plaintiff seeks: (1) an injunction "suspending all provisions of his parole until the Court rules on his petitions; (2) an order directing the State of Alabama "to remove him from the constraints of parole and to close out this life sentence as having been served; and (3) monetary damages in the amount of $7,000 from each of the defendants. (Complaint, p. 4).

As noted above, plaintiff's original sentence was to life imprisonment, without the possibility of parole. See *Habeas* Petition at p. 1. Plaintiff challenged his sentence in a Rule 32 petition in the state court, claiming that his sentence was enhanced improperly on the basis of a prior conviction resulting from a plea of *nolo contendere*. See McHarris v. State, 678 So.2d 258 (Ala. Crim. App. 1995). In 1996, because one of the convictions used to enhance plaintiff's sentence did, in fact, result from a *nolo contendere* plea, the Alabama Court of Criminal Appeals remanded plaintiff's Rule 32 petition to the trial court "with instructions that McHarris be resentenced without the use of the conviction based on a plea of *nolo*

---

[3] None of the defendants remain in the positions they held in 1982. (See Doc. 1-1, attachment to Complaint).

*contendere.*" McHarris v. State, 678 So.2d 259 (1996)(on return to remand). The trial court apparently did resentence plaintiff, as he is now on parole from a life sentence. (Complaint, p. 2, ¶ II; *Habeas* Petition, p. 15 ("The petitioner served 17 years before Ala. released him on parole in 1999. He has served 12 years on parole."); see also McHarris, 678 So. 2d at 260 (note from the Reporter of Decisions stating that "On May 10, 1996, on return to remand [after the appellate court directed the trial court to resentence plaintiff without using the conviction arising from the *nolo contendere* plea], the Court of Criminal Appeals affirmed, without opinion.").

The injunctive relief that plaintiff seeks relating to the sentence he is now serving may be had in this court, if at all, only by means of a *habeas* petition filed pursuant to 28 U.S.C. § 2254. Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006)("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action. If the court determines that the claim does challenge the lawfulness of the inmate's conviction or sentence, then the court must treat the inmate's claim as raised under § 2254, and it must apply the AEDPA's attendant procedural and exhaustion requirements to the claim.")(citing Nelson v. Campbell, 541 U.S. 637, 643 (2004)). As noted above, plaintiff filed a *habeas* petition in this court on August 24, 2011, concurrently with the present action, challenging the sentence he is now serving. Accordingly, the court does not construe the complaint in the instant case to assert a right to relief under 28 U.S.C. § 2254.

3

To the extent that plaintiff seeks compensatory damages from the defendants arising from his original sentence – life imprisonment without the possibility of parole – pursuant to 42 U.S.C. § 1983 on the basis of the alleged violations of due process and equal protection, his claims are barred.  Judge Gullage is entitled to absolute immunity, as he acted in his judicial capacity when he imposed plaintiff's sentence, and did not act in the "clear absence of all jurisdiction."  Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996); see also Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985)(*en banc*)(judges having subject matter jurisdiction of a case enjoy absolute immunity from § 1983 claims for damages, even if their judicial actions are alleged to have resulted from a conspiracy to deprive plaintiff of his or her constitutional rights).  The same is true of Myers, the District Attorney who prosecuted plaintiff's criminal case and, presumably, presented the *nolo contendere* conviction as a basis for sentence enhancement.  Imbler v. Pachtman, 424 U.S. 409 (1976)(prosecutor entitled to absolute immunity in § 1983 suit for damages arising from his actions in initiating a prosecution and in presenting the State's case); Elder v. Athens-Clarke County, Georgia, 54 F.3d 694 (11th Cir. 1995)(the allegation that a prosecutor's "challenged official act is part of a conspiracy does not in any manner dilute immunity").

With regard to investigator Jones, plaintiff alleges no facts in the complaint or the attachment stating how Jones might have influenced the District Attorney's or Judge's decisions to use plaintiff's *nolo contendere* conviction to enhance his sentence.  He makes only a bare allegation that the defendants "conspired" to do so.  It is not necessary to allow

4

plaintiff an opportunity to amend his complaint, however, as it is apparent from plaintiff's complaint, his sworn *habeas* petition, and the decisions of the Alabama Court of Criminal Appeals on his Rule 32 petition that plaintiff's § 1983 claims against all of the defendants, including investigator Jones, are barred by the statute of limitations.

In Alabama, the statute of limitations for claims brought under 42 U.S.C. § 1983 is two years. See Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989)("After Owens [v. Okure, 488 U.S. 235 (1989)], the two-year limitations period of Ala. Code § 6-2-38(l) applies to section 1983 actions in Alabama."). Under federal law, a claim accrues when a plaintiff either knows or should know that he has sustained an injury. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003); Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987); Bowling v. Founders Title Co., 773 F.2d 1175, 1178 (11th Cir. 1985). The Court of Criminal Appeals' record in plaintiff's Rule 32 petition indicates that plaintiff was resentenced in early 1996. See Reporter of Decisions' note, 678 So.2d at 260. The record in this court demonstrates that plaintiff was resentenced at least no later than 1999, as he alleges in his sworn *habeas* petition that he was released on parole in 1999. Thus, assuming that plaintiff could state any § 1983 claims against any of the named defendants arising from the alleged conspiracy to enhance his sentence unlawfully, those claims are barred by the statute of limitations. Because the record discloses no ground for tolling of the statute of limitations, and because – when plaintiff's complaint in this case is considered in conjunction with the sworn *habeas* petition pending in this court – it appears beyond a doubt that plaintiff

cannot avoid the statute of limitations bar, plaintiff's claims are due to be dismissed as frivolous pursuant to § 1915. See Neitzke v. Williams, 490 U.S. 319, 325 (1989)(A complaint "is frivolous where it lacks an arguable basis either in law or in fact."); Simon v. Georgia, 2008 WL 2405871 (11th Cir. Jun 16, 2008)(unpublished opinion)(district court did not err in dismissing pro se claims as frivolous where they were barred by the applicable statute of limitations).

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that: (1) plaintiffs' claims be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as defendants Gullage and Myers are immune from plaintiff's claims for damages, plaintiff's claims against all defendants are barred by the statute of limitations, and plaintiff may not pursue his claim for injunctive relief as to the sentence he is now serving through 42 U.S.C. § 1983; and (2) plaintiff's motion for preliminary injunction (Doc. # 3) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before September 21, 2011. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, this 7th day of September, 2011.

                                         /s/ Susan Russ Walker
                                         SUSAN RUSS WALKER
                                         CHIEF UNITED STATES MAGISTRATE JUDGE